IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 18-CR-1568 WJ |
| **RODOLFO RODRIGUEZ, JR.** | ) | |
| Defendant. | ) | |

## MOTION TO SUPPRESS

**COMES NOW** Defendant, Rodolfo Rodriguez Jr., by and through his attorney, Jerry A. Walz, Walz and Associates, P.C., pursuant to the Fourth Amendment to the Constitution of the United States, and hereby moves the Court to suppress any statements made or evidence seized subsequent to the illegal stop, search and questioning of Defendant on February 1, 2018, and as grounds states the following:

**I.    Procedural History**

1. Defendant was traveling and asleep in his seat on the eastbound AMTRAK train through Albuquerque, NM, when he was approached by Special Agent Jarrell W. Perry and Drug Enforcement Administration Task Force Officer Seth Chavez. *Report of Investigation dated 2/3/2018 page 4, attached hereto as Exhibit A.*

2. Special Agent Perry approached Defendant while he was seated and asleep. *Report of Investigation dated 2/3/2018 page 4. Audio recording of encounter* [1].

---

[1] Audio recording of the encounter between Special Agent Perry and Defendant was provided through discovery by the United States Attorney's office on March 13, 2018, and will be introduced at hearing.

3. After waking Defendant, Special Agent Perry had to speak to Defendant twice before he identified himself as a law enforcement officer and asked Defendant if he could speak with him for a moment. *Audio recording of encounter.*

4. Defendant did not agree to speak with Special Agent Perry and instead, after saying something unintelligible on the audio recording, without being asked handed Special Agent Perry his train ticket and stated that it was his train ticket. *Audio recording of encounter.*

5. Defendant was still groggy from having just been woken up from a sound sleep and Special Agent Perry continued to interrogate Defendant. *Report of Investigation dated 2/3/2018 page 5.*

6. Defendant presented his identification to Special Agent Perry when asked because he did not feel he could refuse because Special Agent Perry continued to interrogate him and he was still groggy from sleep. *Report of Investigation dated 2/3/2018 page 5.*

7. When asked if he would consent to Agent Perry searching his bag, Defendant emptied the contents onto the empty seat next to his, felling as though at this point he did not have an option. *Report of Investigation dated 2/3/2018 page 5.*

8. Among the other contents of Defendant's bag was a plastic store bag that contained different plastic vials. Within two of the vials was Defendant's medically prescribed marijuana in edible form and in leaf from. *Report of Investigation dated 2/3/2018 page 5.*

9. At this point, Special Agent Perry ordered Defendant to stand up and place his hands on the luggage rack above the seats. When Defendant refused, saying he wanted to sleep, Special Agent Perry Again ordered Defendant to stand up and informed him that "I'm not asking you." *Report of Investigation dated 2/3/2018 page 5.*

10. A pat down search was conducted and Agent Perry felt a large round bundle between Defendant's legs and Defendant was then handcuffed. *Report of Investigation dated 2/3/2018 page 5.*

11. Defendant was taken into custody and was charged in a one count indictment filed May 14, 2018, with unlawfully, knowingly and intentionally possessing with intent to distribute a controlled substance, 1 kilogram and more of a mixture and substance containing a detectable amount of heroin. *Doc # 17*

**II.     Argument**

"It is well settled under the Fourth and Fourteenth Amendments that a search conducted without a warrant issued upon probable cause is 'per se unreasonable . . . subject only to a few specifically established and well-delineated exceptions.' It is equally well settled that one of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that [is] conducted pursuant to consent." *Schneckloth v. Bustamonte*, 412 U.S. 218, 219, 93 S. Ct. 2041, 2043–44, 36 L. Ed. 2d 854 (1973). This case poses the question of what constitutes consent and the shifting of an encounter from one of consent to one of investigation.

The Supreme Court has recognized three types of police encounters. *See United States v. White,* 584 F.3d 935, 944–45 (10th Cir. 2009) (the Supreme Court has recognized "three types of police-citizen encounters[:] '(1) consensual encounters which do not implicate the Fourth Amendment; (2) investigative detentions which are Fourth Amendment seizures of limited scope and duration and must be supported by a reasonable suspicion of criminal activity; and (3) arrests, the most intrusive of Fourth Amendment seizures and reasonable only if supported by probable cause.').

The initial contact of Defendant by Special Agent Perry might have been classified as a consensual encounter which would not implicate the fourth amendment, however, the burden is on the government to proof by a preponderance of the evidence that the consent relied upon by the government was freely and voluntarily given. *See United States v. Ray,* 199 F. Supp. 2d 1104, 1108 (D. Kan. 2002) (For this exception to apply, the government must prove by a preponderance of the evidence that consent was freely and voluntarily given.). The determination as to if consent is given freely and voluntarily is a question of fact and based on the totality of the circumstances. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 227, 93 S. Ct. 2041, 2047–48, 36 L. Ed. 2d 854 (1973) (the question whether a consent to a search was in fact 'voluntary' or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of all the circumstances).

For Defendant the evidence goes against consent being freely and voluntarily given for the encounter with Special Agent Perry. First, Special Agent Perry woke Defendant from a sound sleep to initiate the encounter. Special Agent Perry was required to announce his presence several times before Defendant awoke and responded. Second, without being asked and out of a habitual response when encountered on the train, Defendant presented his ticket to Special Agent Perry. Third, Special Agent Perry, started interrogating Defendant by asking for his identification without a clear and unambiguous response to the question if it was permissible for Special Agent Perry to ask him questions. Defendant felt that he was compelled to respond to Special Agent Perry and provide the identification documents.

By this point in the encounter Defendant felt that he could not leave and he could not refuse to respond to Special Agent Perry. While Defendant never gave consent for the encounter, at this point it is clear that the encounter had changed, even if initially a consensual encounter to a seizure.

4

*See United States v. Williams, 356 F.3d 1268, 1274 (10th Cir. 2004)* (Once a reasonable person would not feel free to terminate the encounter, however, the encounter is transformed into a seizure requiring at least reasonable suspicion.) Further, by Special Agent Perry's actions it was clear to Defendant that he had no choices but to do what he was directed to do. This shows that the encounter was not consensual in nature. It is not consensual as Defendant Rodriguez felt as though he was not free to leave, but also that he felt he was not free to decline Special Agent Perry's requests or to terminate the encounter. *See Fla. v. Bostick, 501 U.S. 429, 436, 111 S. Ct. 2382, 2387, 115 L. Ed. 2d 389 (1991) (*In such a situation, the appropriate inquiry is whether a reasonable person would feel free to decline the officers' requests or otherwise terminate the encounter.)

At this point the analysis must change and the government must show a reasonable suspicion of criminal activity to continue the investigation. "A reviewing court must analyze each stage of the [police-citizen] encounter, ensuring that the requisite level of suspicion or cause is present at each stage." *United States v. Shareef,* 100 F.3d 1491, 1500 (10th Cir.1996). *See also United States v. White*, 584 F.3d 935, 944–45 (10th Cir. 2009) (These categories are not static and may escalate from one to another.). At this point there is no evidence of criminal activity. It is not until the unconstitutional search based on a lack of reasonable suspension of Defendant's bag that there is any evidence of potential criminal activity when Special Agent Perry discovered the prescribed medical marijuana that any suspicion can be aroused and a further search of Defendant be undertaken. All of the evidence seized and the statements obtained in the unconstitutional and illegal search and seizure of Defendant must be suppressed.

### III. Conclusion

The government is required to show by a preponderance of the evidence that an encounter between police and a citizen is consensual. In this case there is no evidence that Defendant

consented to the encounter with Special Agent Perry. Even if consensual at the start, which Defendant disputes, the nature of the encounter changed to a non-consensual investigation search upon which Defendant should have been given his Miranda warnings. As Agent Perry continued to interrogate Defendant after waking him from a sound sleep.

Based on the totality of the circumstances and the unconstitutional and illegal encounter of Special Agent Perry and Defendant Rodolfo Rodriguez, all of the evidence and statements obtained from Defendant during his encounter with Special Agent Perry must be suppressed.

Respectfully submitted,

WALZ AND ASSOCIATES, P.C.

*/s/ Jerry A. Walz*
JERRY A. WALZ, ESQ.
*Attorney for Defendant Rodolfo Rodriguez, Jr.*
133 Eubank Blvd NE
Albuquerque, NM  87123
(505) 275-1800
jerryawalz@walzandassociates.com

**I HEREBY CERTIFY** that on the 21st day of December, 2018, I filed the foregoing electronically through the CM/ECF system, which caused all parties or counsel to be served by electronic means, as more fully reflected in the Notice of Electronic Filing.

*/s/ Jerry A. Walz*
Jerry A. Walz