# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                   No. 18-CR-1568-WJ

RODOLFO RODRIGUEZ, JR.,

    Defendant.

## ORDER DENYING DEFENDANT'S OPPOSED MOTION FOR MODIFICATION OF CONDITIONS OF RELEASE

**THIS MATTER** comes before the Court upon Defendant's Opposed Motion for Modification of Conditions of Release, [**Doc. 38, filed March 5, 2019**]. Having reviewed the parties' briefs and applicable law, Defendant's motion is not well-taken, and is, therefore, **DENIED**.

## BACKGROUND

1. Defendant Rodolfo Rodriguez Jr. was arrested on February 1, 2018. [Doc. 1]

2. Defendant was indicted on May 9, 2018, in a one Count indictment charging him with violation of 21 U.S.C. 841 (a)(1) and (b)(1)(A), that being Possession with Intent to Distribute 1 kilogram and more of a Substance Containing a Detectable Amount of Heroin. [Doc. 17]

3. Defendant has been in continuous custody since his arrest.

4. Defendant waived a detention hearing on February 6, 2018 as it was felt at that time based on information in the Pretrial Services Report and lack of background information that Defendant would be held in custody. [Doc. 8]

5. Defendant retained his right to petition the Court to review his detention and to set reasonable conditions of release. [Doc. 8]

6. Upon Motion of Defendant, [Doc. 12], the Court filed an Order for Evaluation for Mental Competency on April 17, 2018 [Doc. 13]. The Psychological Report was not filed until October 11, 2018 [Doc. 18] and the Court Order Finding Defendant Competent to Stand Trial was filed on October 22, 2018 [Doc. 23]. Defendant remained in continuous custody during this time.

7. Defendant is set for trial on June 3, 2019. [Doc. 32]

8. Defendant maintains that he is neither a flight risk nor a danger to the community, and that he should be placed at La Posada Halfway House.

## DISCUSSION

1. Pretrial Services recommends against releasing Defendant to the La Posada Half Way House, and the Court gives this recommendation weight.

2. Defendant is a recidivist drug trafficker as reflected by his criminal history.

3. In 1989, Defendant accrued his first federal trafficking conviction in San Antonio, Texas. He was sentenced to 27 months imprisonment and a term of supervised release. Defendant proceeded to violate his supervised release and was additionally sentenced to 18 months custody.

4. In 1993, Defendant was convicted of a theft offense, although the sentence is unknown.

5. In 1996, Defendant was convicted of his second federal drug trafficking offense in Lubbock, Texas, whereby he was sentenced to 60 months imprisonment and 4 years of supervised release.

6. In 2002, as before, Defendant violated his term of supervised release and sentenced to an

additional 12 months of custody.

7. In 2017, Defendant was convicted of possessing a pair of brass knuckles in San Antonio, Texas.

8. On January 24, 2019, Defendant was involved in an inmate fight at Cibola County detention facility, which resulted in a thirty-day disciplinary segregation.

9. Defendant faces a substantial sentence in this case upon conviction if he were to proceed to trial.

10. Defendant is from San Antonio, Texas, where he committed a number of crimes, and is a potential flight risk, despite the health conditions that partially mitigate his risk of flight.

11. Therefore, based on Defendant's criminal history, his recent conviction for possessing brass knuckles, his most recently reported incident at the detention center, the substantial sentence he faces if he were to proceed to trial, his prior violations of supervised release, and the fact that Defendant is from San Antonio, Texas, the Court finds that he is a danger to the community and himself, and a flight risk.

12. Defendant has not overcome the presumption that he is a danger to the community and himself, and a flight risk, and his Motion is denied.

13. The Court notes that Defendant appears to have completed the custody time on the supervised release violation from his second drug trafficking conviction in 2002 or 2003 and did not have further law violations until Defendant picked up his misdemeanor conviction in 2017 for possessing brass knuckles. While there was a period of approximately 14 to 15 years with Defendant not picking up any convictions, what concerns the Court with the 2017 misdemeanor conviction for possessing brass knuckles and the recent disciplinary incident regarding Defendant fighting with another inmate, this

is further evidence of longstanding pattern on the part of Defendant that demonstrates his inability to abide by rules and regulations, whether the rules and regulations are prior conditions of supervised release, current state and federal laws, detention center rules and regulations or rules and regulations of the half way house.

**IT IS THEREFORE ORDERED** that Defendant's Opposed Motion for Modification of Conditions of Release, [Doc. 38], is **DENIED**. Defendant's current detention conditions shall remain in effect and unchanged.

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE