# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.     No. CR 18-1568 WJ

RODOLFO RODRIGUEZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S MOTION TO DISCLOSE
## SPECIAL AGENT PERRY'S PERSONNEL FILE

THIS MATTER comes before the Court upon Defendant's Motion to Disclose Special Agent Perry's Personnel File, filed October 21, 2019 **(Doc. 64)**. Having reviewed the parties' pleadings and the applicable law, the Court finds that Defendant's motion is not well-taken and, therefore, is DENIED.

## BACKGROUND

Defendant was traveling on an eastbound AMTRAK train through Albuquerque New Mexico in February 2018 when he was approached by Special Agent Jarrell Perry ("Agent Perry") and Drug Enforcement Administration ("DEA") task force officer Seth Chavez. Defendant was charged with possession and distribution of heroin as a result of a search conducted by Agent Perry. In this motion, Defendant seeks the following from Agent Perry's personnel file:

- qualifications and any disciplinary actions,
- any training Special Agent Perry has attended, and

- a list of any individuals Special Agent Perry has arrested on an AMTRAK train or a Greyhound Bus during an alleged consensual encounter from February 1, 2017, through February 1, 2018.[1]

Defendant has also filed a Motion to Suppress (Doc. 27) and a Motion to Dismiss Indictment (Doc. 56), both of which are set for hearing on January 7, 2020 at 9:30. Doc. 71 In those motions, Defendant disputes the voluntariness of his responses to Agent Perry's questions and the legality of Agent Perry's search of his backpack. The Court rules on this motion first, assuming that the information Defendant seeks would arguably be relevant to the credibility of Agent Perry's testimony at the hearing on the motion to suppress.

## DISCUSSION

Defendant seeks Agent Perry's personnel file under *Brady v. Maryland*, 373 U.S. 83, 87 (1963). He claims that he is entitled to any exculpatory materials that may explore Agent Perry's motives (including discriminatory or prejudicial motives) in continuing to question Defendant after Defendant allegedly declined to speak with him. In *Brady,* the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87; *see also Kyles v. Whitley*, 514 U.S. 419, 437–38 (1995) (government has a duty to disclose evidence material to guilt or punishment even when the prosecutor personally did not know of that evidence); *U.S. v. Velarde*, 485 F.3d 553, 558–59 (10th Cir. 2007) (accord).

The Government claims that *Brady* allows Defendant to obtain information that is "material" to guilt or punishment but does not entitle him to information that explores an agent's

---

[1] The Government points out that as a DEA agent, the personnel file at issue here actually consists of several files even though each employee has an Official Personnel File. Doc. 67 at 4, n.3; *see also U.S. v. Jennings,* 960 F.2d 1488, 1491-92 (9th Cir. 1992) (discussing DOJ policy pertaining to the review of personnel files).

motives. For that reason, the Government addresses Defendant's request under Rule 16 but contends that Defendant has not shown that the requested items are "material" to preparing the defense, as required under the rule. Fed.R.Crim.P.16 (a)(1)(E).[2]

## I.  Items Regarding Agent Perry's Training, Qualifications and Disciplinary Actions

The Government is correct that *Brady* does not entitle a defendant to information that addresses the "motive" of a law enforcement officer, although potential impeachment evidence would be discoverable under *Giglio v. United States*, 405 U.S. 150, 153 (1972) (prosecution's disclosure obligation extended to evidence that is useful to the defense in impeaching government witnesses, even if the evidence is not inherently exculpatory). However, a defendant has no *Brady* or *Giglio* right to sift through an agent's personnel file to see if he can find any potentially impeaching information; rather, it is the Government "that decides which information must be disclosed." *Pennsylvania v. Ritchie*, 480 U.S. 39, 59 (1987) (A defendant's right to discover exculpatory evidence does not include the unsupervised authority to search through the Government's files).

The Government notes that personnel files are subject to the Privacy Act under 5 U.S.C. §552(a) and cites to other cases in the District of New Mexico denying defense motions to compel disclosure of Agent Perry's personnel files:

- *United States v. Matthew Grobstein*, CR 13-663 MV, Doc. 73
- *United States v. Jesus Francisco Fernandez*, CR 17-3237 JAP, Doc. 103
- *United States v. Kenja Treron Thomas*, CR 18-00458 WJ, Doc. 64

In each of these cases, the Court ruled that neither *Brady* nor *Giglio* required disclosure of Agent Perry's entire personnel file, and that it is up to the Government to decide which information is material and must be disclosed, relying on *Pennsylvania v. Ritchie*. Also, in each

---

[2] The "materiality" requirement under Rule 16 is "broader than Brady" in that it mandates disclosure of any material information, whether exculpatory or not.  *U.S. v. Muniz-Jaquez*, 718 F.3d 1180, 1183 (9th Cir. 2013).

of these cases, the Government was ordered to review Agent Perry's personnel files in connection with the DEA's investigation of alleged perjury by Agent Perry in *U.S. v. de la Campa-Rangel,* 519 F.3d 1258 (10th Cir. 2008) (*Campa-Rangel*); and then disclose any impeachment evidence to defendant if such material was contained in the files.

Under United States Supreme Court precedent, Defendant is not entitled to make its own review of Agent Perry's personnel files to determine whether they contain any *Brady/Giglio* material and so Defendant's request is denied on that issue. However, what is less clear is whether the Government should be ordered to conduct a review of Agent Perry's personnel files prior to a hearing on the pending Motions to Suppress/Dismiss in order to decide whether the requested items contain any *Brady, Giglio* or impeachment evidence.

Defendant's requests for information on Agent Perry's training, qualifications and disciplinary actions are far more generic than the requests for categories of documents related to an investigation into Agent Perry's alleged perjury in the *Campa-Rangel* case. Here, Defendant's request to comb through Agent Perry's personnel file seems more like a request for permission to embark on a fishing expedition than a request for documents which have a plausible link to potential impeachment evidence. The Government acknowledges its ongoing obligation to conduct reviews and disclose potential *Brady/Giglio* material to Defendant. The Court finds that there is no need to impose Defendant's timeline on the Government to carry out this obligation, particularly in light of the nature of the requested items, and so the Government will not be required to conduct specific reviews of material other than as part of its normal review and disclosure obligations.

Accordingly, Defendant's request for information from Agent Perry's personnel files regarding qualifications and any disciplinary actions, and any training he has attended, is DENIED.

## II. List of Other Arrestees

Defendant also claims that he was "selected and singled out" by Agent Perry to be questioned and seeks information to explore his "mindset in singling out Defendant." However, Perry's subjective "mindset in singling out Defendant" is irrelevant to a Fourth Amendment inquiry into the legality of the questioning and the search. *See Williams v. Denver*, 99 F.3d 1009, 1024 n.3 (10th Cir. 1996) (citing *Whren v. United States*, 517 U.S. 806, 813 (1996)) (officer's conduct must be viewed objectively, without regard to his state of mind in determining whether a substantive constitutional violation has occurred).

The Government argues that inasmuch as Defendant suggests that he was subjected to selective enforcement, he fails to satisfy the rigorous standard of producing evidence of discriminatory effect and discriminatory intent. *See United States v. Alcaraz-Arellano*, 441 F.3rd 1252, 1264 (10th Cir. 2006). To make a credible showing of discriminatory effect, a defendant must show that a similarly situated individual was not arrested or referred for federal prosecution for the offense for which the defendant was arrested and referred. *Id.*

The Court agrees with the Government that Defendant is just speculating that the requested list of arrestees may reveal bias on the part of Agent Perry. Moreover, a list of other individuals who *were* arrested by Agent Perry is really irrelevant under a selective enforcement theory, since the "similarly situated individual" would be an individual who was *not* arrested. Thus, the information sought is not material to a claim of selective enforcement and Defendant's request for that material is also DENIED.

**IT IS SO ORDERED**.

_____
CHIEF UNITED STATES DISTRICT JUDGE